## UNITED STATES v. HOWELL.[1]

*Circuit Court, W. D. Louisiana.* May Term, 1884.

1. REVENUE LAWS — LIQUOR LICENSE — PURCHASE FOR ANOTHER WITHOUT RECEIVING PROFIT.
   A grocer who, without obtaining a license for selling liquor, purchases a barrel of whisky for a customer, and enters on his books a charge against the customer for the price at which it was actually obtained from the liquor dealer, does not transgress the spirit of the revenue laws.

2. SAME — ONE NOT PRESUMED TO OFFEND ON ACCOUNT OF BEING A "GROCER."
   The fact that one is a grocer, rather than in any other line of business, should not raise a presumption of wrong-doing against him, in case of his purchasing a barrel of whisky to oblige a customer, and his entering on his books a charge therefor.

3. SAME — NOT INTENDED TO BE ODIOUS OR OPPRESSIVE.
   The revenue laws are for the purpose of aiding the collection of the government revenue and taxes, and they should not be construed by the courts so as to become odious or oppressive to the people

Violation of Section 3242, Rev. St.

*M. Elstner,* U. S. Dist. Atty., for the United States.

BOARMAN, J., *(charging jury orally.)* The facts admitted in this case preclude a dispute on any matter of importance on this trial. The defendant, a member of a large commercial firm in this city, makes the admissions, and the government submits the case on his admissions.

---

[1] We are indebted to Talbot Stillman, Esq., of the Monroe, Louisiana, bar, for this opinion.

He says he has no license as a wholesale liquor-dealer; that he is not in fact such a dealer, and he is not so in law unless his further admissions impose such a character upon him. He is a grocer merchant, but never sells liquor in small or large quantities. He says that B., living in the country, wrote him a letter telling him to purchase for him a barrel of whisky of a certain brand and quality and for a fixed price, and send it to him; that he accordingly purchased a barrel of whisky from C., a liquor-dealer in this city, and forwarded it direct to B.; that he made an entry in his books against B. for the amount which he paid C. for the whisky, not charging him any profits or commissions thereon; that the liquor-dealer, C. had him, defendant, charged in his books in the same amount, and the revenue collector, finding such a charge on C.'s books, came to him and found on his firm's books the charge against B. for the whisky. He is now on trial for violating section 3242, Rev. St., which provides a penalty for every person who carries on the business of a wholesale liquor-dealer without first obaining a license. On this statement the district attorney advises you to find the defendant guilty, and suggests that the chief of the revenue department at Washington holds, in his advices to the agents of the department, that such a statement of facts shows defendant to be a wholesale dealer in liquor.

The fact that the dealer, C., had on his books an entry or charge against the defendant for a barrel of whisky, and that defendant had a charge on his firm's books against B. for the same barrel, when coming to the knowledge of the revenue agent, was sufficient to cause him to report defendant as wholesale liquor-dealer; but such a finding by the agent makes, at best, but a *prima facie* case against defendant. The revenue laws, which provide penalties for offenses like the one charged here, are for the purpose of aiding in enforcing the collection of the government licenses and taxes, and they should not be construed by the courts so as to become odious or oppressive to the people. In my view of the law the fact that the defendant's firm were dealers in groceries is of no special consequence; and when this fact is considered, in connection with the other facts stated by him, it should not in any way damage his defense; indeed, under my view of the law, he is on that account no more to be considered a wholesale liquor-dealer than a milliner would be if B. had written to such a person or dealer for the whisky. The statement submitted shows that the defendant was a special agent to purchase the barrel of whisky for B., under special instructions as to the price and quality. The barrel went directly from the store of C., the liquor-dealer, to B., and it was not at any time, or in any way, the goods of defendant. C., the liquor-dealer, it is presumed, had his license; and the defendant, without considering whether he was a grocery merchant or milliner, or a blacksmith, under the facts, cannot be considered a wholesale liquor-dealer. Congress, in passing these laws could, if it had chosen to do so, have made the sections of the Revised Statutes cover such a case as th-

prosecution now presents; but I do not think such a construction as now contended for is warranted by any of the rules of law which should control the United States courts in construing such laws.

Verdict, not guilty.